SULLIVAN, Justice,
dissenting.
My disagreement with my colleagues’ approach to assessing the constitutionality of “special legislation” is of record and I incorporate it by reference rather than prolong the discussion here. See City of South Bend v. Kimsey, 781 N.E.2d 683 (Ind.2003) (Sullivan, J., dissenting); State v. Hoovler, 668 N.E.2d 1229 (Ind.1996) (Sullivan, J., concurring in result). Suffice it to say that I believe the Court’s analysis in today’s case violates in several respects the Separation of Functions Clause proscription on the Judiciary “exercis[ing] any of the functions” of the Legislature. Ind. Const, art. Ill, § 1.
1. The Court today expands the legislative classifications subject to its ongoing review of which compromises made by the Legislature are beyond its power and which are not. Until now, this review has focused on geographical classifications: whether the Riverboat Gambling Act could have different referendum rules for Lake and Porter Counties;[8] whether Unigov could be limited to Marion County;[9] a special environmental tax to Tippecanoe County;[10] a special annexation regime to St. Joseph County.[11] Now a bill that applies to only one of the state’s universities is also “special legislation.”
This expansion was predictable, I suspect my colleagues would say, from the discussion in Kimsey correlating the requisite analysis under Article IV, Section 23 (“Section 23”), with that under the Privileges and Immunities Clause.[12] In any event, it makes clear just how deeply the *1140 Court believes it is entitled to probe in its assessment of constitutionality — far deeper than I believe the Separation of Functions Clause permits.
2. Some day soon, I predict, the Court will have to face the question of whether striking altogether a statute it deems is unconstitutional is the proper remedy when it finds Section 23 has been violated as opposed to requiring all those included in the class to benefit from it. Could fraternities at other colleges (rather than the Monroe County Auditor) have brought this lawsuit contending that if the Legislature was going to extend this benefit to IU fraternities, the Constitution required that it be extended to them as well?
3. It is important to understand that the Court does not outlaw “special legislation.” Indeed, it expressly permits the General Assembly to adopt special legislation — but only if the special legislation passes a test of the Court’s own devising: a special law is nevertheless constitutional if there are “inherent characteristics of the affected [class] that justify” it. Op. at 1138 (quoting Kimsey, 781 N.E.2d at 692). The text of Section 23 contains no such qualification on its requirement that “all laws shall be general, and of uniform operation throughout the State.” That requirement is limited, to be sure, to situations “where a general law can be made applicable.” Ind. Const, art. IV, § 23. But that limitation is the antithesis of the one imposed by the Court: permitting special legislation where “unique circumstances ... rationally justify” it. Op. at 1138 (quoting State ex rel. Att’y Gen. v. Lake Superior Court, 820 N.E.2d 1240, 1249 (Ind.2005)).
It is only by using the Court’s own test — a test, to repeat, really quite at odds with the text — that the Court is able to find the Riverboat Gambling Act, the Tippecanoe County Environmental Tax, etc., to be permissible under Section 23. There is no reason why those laws could not have been made generally applicable, the requirement of the text. They passed the Court’s muster only because the Court found that unique circumstances rationally justified them. I respectfully submit that when the Court operates in this way, it is performing a legislative and not a judicial function.
As my earlier writings make clear, I would leave the determination of the legitimacy of these types of classifications to the Legislature.
4.It is pretty easy to imagine how the legislation here came about. After the IU fraternities in question blew the filing deadline and realized that they would be subject to tax, they were able to persuade members of the Legislature to introduce a bill to provide them relief. Both the House and Senate found this request to be appropriate, as did the Governor. In writing up the bill, the General Assembly made, the Court says, a fatal mistake by identifying the fraternities as being at “Indiana University.” It is clear from the Court’s opinion that if this exemption applied to all “twenty-two colleges or universities in Indiana affiliated with nationally recognized Greek fraternities,” rather than just Indiana University, the bill would have been just fine. Op. at 1137.
My guess is that the reason none of the fraternities at other schools are listed is because none of them missed the filing deadline. It is inconceivable to me that the Legislature would have refused to provide the same relief to a fraternity at Purdue or DePauw or Wabash if one or more of them had been asleep at the switch like the ones at IU were. I think the Court’s answer would be that this legislation would be constitutional as written if only the General Assembly had told the Court in “legislative findings as to the *1141 facts justifying the legislation’s limited ... application” that the IU fraternities were unique. Op. at 1137, n. 7 (quoting Kim-sey, 781 N.E.2d at 691). Mandating such findings as the price for upholding legislation also impinges, I submit, upon legislative prerogatives.

. Ind. Gaming Comm’n v. Moseley, 643 N.E.2d 296 (Ind.1994).

. Dortch v. Lugar, 255 Ind. 545, 266 N.E.2d 25 (1971).

. Hoovler, 668 N.E.2d 1229.

. Kimsey, 781 N.E.2d 683.

. Id.